■ In the Matter of the Claim of ANTHONY GIORDANO, Respondent, against HUDSON DAIRY COMPANY et al., Appellants, and CHARLES GIORDANO CONSTRUCTION CO. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the Hudson Dairy Company and its insurer, State Insurance Fund, from a decision of the board awarding disability compensation to the claimant and apportioning the amount thereof 80% against Giordano Construction Company and New England Insurance Company for an accident on November 1, 1950 and 20% against appellants for a second accident on June 7, 1955. While working for the construction company and in November, 1950, the claimant received an injury to his back which continued to cause him trouble from that date down to and including June 7, 1955, the date of the alleged second accident. The claimant himself, supported by ample medical testimony, has given a descriptive picture of his pain and discomfort as a result of the back injury in 1950 and on the day of the second accident, claimant was still wearing a brace. It was the finding of the board

that on the 7th of June, 1955, while in the course of his employment and working for Hudson Dairy, Inc., delivering milk, claimant, carrying eight quarts of milk in a container, stepped down from his truck and experienced a sharp pain in the lower back, radiating down in back of the right thigh and calf to the heel. The appellants contend there was a complete failure to prove any such alleged second accident. The proof in respect to the circumstances on the day in question resolved itself primarily around an alleged history of accident given by the claimant to Dr. Brzustowicz. The nearest claimant came to a description of the accident was as follows: " Q. No, I am just asking you this direct question: After you stepped out from the curb, you had this sharp pain that radiated down your right leg as I described it—A. Yes, that's when I had to give up." Claimant suffered an original back injury in 1950 and at various intervals thereafter he had trouble which necessitated his stopping work and was of such a nature that attending doctors took many X-ray pictures and two myelograms, the latest one being in 1954. There was evidence by the doctors that they were suspicious of a herniated disc but were unable to establish such a finding. Following what was frequently referred to as the " episode ", on June 7, 1955 it was definitely established the claimant was suffering from a herniated intervertebral disc which necessitated an operation by Dr. Brzustowicz on June 17, 1955 and in a written report of June 20, 1955, with reference to causal relation, the doctor said: " On the basis of Mr. Giordano's history, I feel that the episode which occurred on June 7, 1955, was the end result of the numerous episodes of low back pain and sciatica which he has had since November 1950." Dr. Fred Geib testified that in his opinion the accident of June 7, 1955, contributed to the herniation of the disc. The medical testimony in this case is more substantial and credible than that in *Matter of Parks* v. *De Franco* (4 A D 2d 904) relied upon by the appellants. It is not for us to decide the facts as to the sufficiency of the happening of the second accident provided the record as a whole is substantial and credible, which we find it to be. (*Matter of Kayser* v. *Erie County Highway Dept.,* 276 App. Div. 789; *Matter of Ussach* v. *Carolee Shops,* 282 App. Div. 902, 903; *Matter of Daniels* v. *Costick Co.,* 4 A D 2d 896.) Decision and award affirmed, with costs to the Workmen's Compensation Board. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.